Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Coach Services, Inc.*

2009 AUG 25 AM 10: 14

FILED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV09-06182 MMM(JEMx)

| | |
|---|---|
| COACH SERVICES, INC., a Maryland Corporation, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | 1. *TRADEMARK INFRINGEMENT* (15 U.S.C. §1114); |
| SUNNY SHOES CORP., a California Corporation dba "AI SHOES"; KUEN KUEN NG, an individual; DIANLIN WU, an individual; and DOES 1-10, inclusive, | 2. *TRADE DRESS INFRINGEMENT* (15 U.S.C. § 1125(a)) |
| Defendants. | 3. *TRADEMARK DILUTION* (15 U.S.C. §1125(c)); |
| | 4. *COMMON LAW UNFAIR COMPETITION*; |
| | 5. *INJURY TO BUSINESS REPUTATION; DILUTION* (Cal. Bus. & Prof. Code § 14330); |
| | **JURY TRIAL DEMANDED** |

Plaintiff Coach, Inc. ("Coach" or "Plaintiff") for its claims against Defendants Sunny Shoes Corp., Kuen Kuen Ng, and Dianlin Wu (collectively "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiff filed this action against Defendants for trademark infringement, trade dress infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California.  This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.    This Court has personal jurisdiction over Defendants because Defendants conduct business and have headquarters within the state of California.

3.    This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4.    Plaintiff Coach Services, Inc. is a corporation organized and existing under the laws of the state of Maryland with an office and principal place of business in New York, New York.

5.    Upon information and belief, Defendant Sunny Shoes Corp. is a corporation organized and existing under the laws of the state of California with an office and principal place of business at 9605 Rush St., South El Monte, California 91733.

6.    Upon information and belief, Defendant Kuen Kuen Ng is an individual doing business at Sunny Shoes Corp., which is located at 9605 Rush St., South El Monte, California 91733.

1     7.     Upon information and belief, Defendant Dianlin Wu is an individual

2  doing business at Sunny Shoes Corp., which is located at 9605 Rush St., South El

3  Monte, California 91733.

4     8.     Plaintiff is unaware of the names and true capacities of Defendants,

5  whether individual, corporate and/or partnership entities, named herein as DOES 1

6  through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will

7  seek leave to amend this complaint when their true names and capacities are

8  ascertained.  Plaintiff is informed and believes and based thereon alleges that said

9  Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the

10  wrongs alleged herein, and that at all times referenced each was the agent and servant

11  of the other Defendants and was acting within the course and scope of said agency and

12  employment.

13     9.     Plaintiff is informed and believe, and based thereon allege, that at all

14  relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

15  reasonably should have known of the acts and behavior alleged herein and the damages

16  caused thereby, and by their inaction ratified and encouraged such acts and behavior.

17  Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a

18  non-delegable duty to prevent or cause such acts and the behavior described herein,

19  which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to

20  perform.

21                          **NATURE OF ACTION**

22     10.     Plaintiff seeks injunctive relief, damages and a declaratory judgment

23  based upon Defendants' unfair competition with Plaintiff arising from Defendants'

24  willful infringement and dilution of Plaintiff's trademarks.  Defendants' willful

25  infringement has impacted both upon Plaintiff's rights directly as well as Plaintiff's

26  ability to maintain consumer satisfaction.  In this regard, it is noteworthy that most, if

27  not all, of the infringing items below were presented in a confusingly deceptive

28  manner, they are of obvious inferior quality when compared to the authentic products

1  of Plaintiff's trademarks, and they are priced in such a way that the implication to the

2  buying public is that these items are indeed genuine.

3  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4  **A.    COACH's Family of Trademarks, Logos, and Designs**

5  11.    Coach was founded more than sixty years ago as a family-run workshop

6  in a Manhattan loft.  Since that time, Coach has been engaged in the manufacture,

7  marketing, and sale of fine leather and mixed material products including handbags,

8  wallets, travel cases, briefcases, planners and diaries, leather goods, watches, eyewear,

9  footwear, apparel, and accessories.

10  12.    Coach is the worldwide owner of the trademark "COACH" and various

11  composite trademarks and assorted design components.  The U.S. Trademark

12  Registrations for Coach footwear include, but are not limited to, the following:  Nos.

13  2,169,808 and 2,252,847 for the Coach lozenge mark and No. 2,592.963 for the

14  Signature "C" logo (hereinafter collectively "Coach Marks").  Attached hereto and

15  incorporated herein as **Exhibit 1** is a true and correct copy of the registration

16  certificate for the Signature "C" logo for footwear.

17  13.    Coach has used the Signature "C" logo in connection with the sale of

18  handbags and other leather and/or mixed material goods, including footwear, since as

19  early as 2001.

20  14.    Many of Coach's products, including its footwear, exhibit composites of

21  the Signature "C" logo in an assortment of different sizes, patterns, and colors ("CC

22  Design")  The CC Design, which is shown on the photographs attached hereto and

23  incorporated herein as **Exhibit 2**, are highly recognized by the public and serve to

24  identify the source of the goods as Coach.

25  15.    Coach has long been manufacturing and selling in interstate commerce

26  high quality leather and mixed material products under the Coach Marks.  These

27  registrations are valid and subsisting and are incontestable.  Through longstanding use,

28

1  advertising and registration, the Coach Marks have achieved a high degree of

2  consumer recognition and constitute famous marks.

3        16.    Coach and its predecessors have continuously used the Coach Marks and

4  CC Design in interstate commerce in connection with the sale, distribution, promotion,

5  and advertising of its goods for four decades.

6        17.    Coach and its predecessors have achieved sales volumes of over three

7  billion dollars annually from goods bearing the CC Design. As such, the CC Design

8  and the goodwill associated therewith are valuable assets of Coach.

9        18.    Coach and its predecessors have expended over a hundred million dollars

10 in advertising, promoting, and marketing goods featuring the CC Design.

11       19.    Due to Coach and its predecessors' long use, extensive sales, and

12 significant advertising and promotional activities, the CC Design has achieved

13 widespread acceptance and recognition among the consuming public and the trade

14 throughout the United States. The arbitrary and distinctive CC Design and Coach

15 Marks identify Coach as the source/origin of the goods on which it appears.

16       **B.    Defendants' Infringing Use of the CC Design**

17       20.    This lawsuit concerns infringement upon the Signature "C" logo and CC

18 Design by each of the Defendants. Each Defendant, with one product or more,

19 violated Plaintiff's rights in and to one or more of its trademarks.

20       21.    Upon information and belief, Defendant Sunny Shoes Corp. dba "AI

21 Shoes" ("Sunny Shoes") is a company in the business of distributing, offering for sale,

22 and/or selling footwear.

23       22.    Upon information ad belief, Defendants Kuen Kuen Ng and Dianlin Wu

24 are officers of Sunny Shoes Corp.

25       23.    In or around July 2009, Coach's investigators surveyed Sunny Shoes

26 located at 9605 Rush Street in the city of South El Monte, California for counterfeit

27 Coach footwear.

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

24.     Coach's investigators observed and purchased counterfeit Coach footwear from Sunny Shoes.  The shoes obtained from Sunny Shoes bore marks identical to Coach's Signature "C" logo and were used in such a manner as to imitate the CC Design.  Attached hereto and incorporated herein as **Exhibit 3** are photographs of the counterfeit Coach footwear obtained from Sunny Shoes.

25.     Coach representatives have inspected the product depicted in Exhibit 3 and have confirmed that they are indeed counterfeit.

26.     None of the above named Defendants are authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing the Coach Marks or CC Design.

27.     Upon information and belief, the individual Defendants herein named were active, moving, conscious forces behind the alleged infringing activities.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act)

28.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

29.     Plaintiff's Coach Marks, including the Signature "C" logo for footwear, are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiff.

30.     Defendants' unauthorized use of the Signature "C" logo in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and are of the same quality as that assured by the Coach Marks.

31.     Defendants' use of Plaintiff's Signature "C" logo is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

32.    Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

33.    Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's trademarks.

34.    Defendants' acts violate the Lanham Act.

35.    As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's trademarks.

36.    Plaintiff has no adequate remedy at law.

37.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Plaintiff's trademarks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

38.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39.    Plaintiff's CC Design is made up of various composites of the Signature "C" logo.

40.    The CC Design is nonfunctional and their inherently distinctive quality have achieved a high degree of consumer recognition and serve to identify Coach as the source of high quality goods.

41.    Defendants' unauthorized use of Plaintiff's CC Design on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when in fact they do not.

42.    Defendants' use of Plaintiff's CC Design is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

43.    Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

44.    Plaintiff has no adequate remedy at law.

45.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's CC Design, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution – 15 U.S.C. § 1125(c))

46.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

47.    Plaintiff's Coach Marks, including the Signature "C" logo, are "famous" within the meaning of the Lanham Act.

48.    Defendants have used in commerce in connection with the sale of their products reproductions of Plaintiff's CC Design, which are essentially composites of the Signature "C" logo, in various sizes, colors, and patterns.

49.    Defendants' acts are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiff, or as to the origin, sponsorship, or approval of said infringing goods.

50.    Defendants' acts described above have diluted and continue to dilute Plaintiff's unique and distinctive trademarks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's trademarks.

51.    Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Coach Marks and CC Design became famous.

52.    Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Coach Marks and Designs.  Defendants' conduct is willful, wanton and egregious.

53.    Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

54.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's trademarks and designs, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

/ / /

/ / /

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

55.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56.    Plaintiff owns and enjoys common law trademark rights in California and throughout the United States.

57.    Defendants' unlawful acts in appropriating rights in Plaintiff's common law trademarks were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.  Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks.  As a result of Plaintiff's efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

58.    Defendants' unauthorized use of Plaintiff's Signature "C" logo and CC Design has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

59.    Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

60.    Defendants' acts constitute unfair competition under California common law.

61.    Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

62.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights.  Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

63.    Plaintiff has no adequate remedy at law.

64.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Coach Marks/CC Design, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Violation of California's Anti-Dilution Statute,

### California Business and Professions Code Section 14330)

65.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

66.    Plaintiff's Coach Marks and CC Design is distinctive in the State of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of California and the extensive advertising and wide spread publicity of the marks in the State of California.

67.    As a result of Plaintiff's trademarks' substantial inherent and acquired distinctiveness, extensive use in the State of California, and the extensive advertising and publicity of the marks in the State of California, Plaintiff's trademarks have become strong and are widely renown.

68.    The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of Plaintiff's trademarks which are famous.

69.    The foregoing acts of Defendants constitute dilution and injury to business reputation in violation of Section 14330 of the California Business and Professions Code.

70.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary

1  and punitive damages in an amount sufficient to punish and make an example of the

2  Defendants and to deter them from similar such conduct in the future.

3      71.    By reason of the foregoing, Plaintiff is being damaged by Defendants'

4  unauthorized and illegal use of Plaintiff's trademarks in the manner set forth above and

5  will continue to be damaged unless Defendants are immediately enjoined under

6  Section 14330 of the California Business and Professions Code from using any of

7  Plaintiff's trademarks.

8      72.    Plaintiff will be irreparably injured by the continued acts of Defendants,

9  unless such acts are enjoined.

10      73.    Plaintiff has no adequate remedy at law.

11                    **PRAYER FOR RELIEF**

12      **WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in its

13  favor and against Defendants as follows:

14      A.    Defendants, their agents, servants, employees, officers, associates,

15  attorneys, and all persons acting by, through, or in concert with any of them, are

16  hereby temporarily, preliminarily, and permanently enjoined from using any of

17  Coach's federally registered trademarks as well as the CC Design or any other designs

18  which are identical and/or confusingly similar to that of Plaintiff's CC Design,

19  including, but not limited to:

20          (a)    committing any other act which falsely represents or which has the

21  effect of falsely representing that the goods and services of Defendants are licensed by,

22  authorized by, offered by, produced by, sponsored by, or in any other way associated

23  with Plaintiff;

24          (b)    otherwise infringing Plaintiff's registered and common law family

25  of Coach Marks;

26          (c)    otherwise diluting Plaintiff's family of Coach Marks; and

27          (d)    unfairly competing with Plaintiff.

28

1    B.    Awarding actual damages suffered by Plaintiff as a result of Defendants'

2  acts;

3    C.    Ordering an accounting and disgorgement by Defendants of all gains,

4  profits and advantages derived from their wrongful acts pursuant to 15 U.S.C. §

5  1117(a);

6    D.    Awarding Plaintiff all of Defendants' profits and all damages sustained by

7  Plaintiff as a result of Defendants' wrongful acts, and such other compensatory

8  damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. §

9  1117(a);

10    E.    Awarding treble damages in the amount of Defendants' profits or

11  Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15

12  U.S.C. § 1117(b);

13    F.    Awarding applicable interest, costs, disbursements and attorneys' fees,

14  pursuant to 15 U.S.C. § 1117(b);

15    G.    Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c);

16    H.    Awarding Plaintiff punitive damages in connection with its claims

17  under California State law;

18    I.    Awarding Plaintiff such other and further relief as the Court deems just

19  and proper.

20

21  Dated:  August 24, 2009                BLAKELY LAW GROUP

22

23                                          By:

24                                              Brent H. Blakely
                                                Cindy Chan
25                                              *Attorneys for Plaintiff*
                                                *Coach Services, Inc.*

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

Dated:  August 24, 2009

BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*Coach Services, Inc.*

PLAINTIFF'S COMPLAINT FOR DAMAGES

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,592,963
Registered July 9, 2002

### TRADEMARK
### PRINCIPAL REGISTER



COACH, INC. (MARYLAND CORPORATION)
516 WEST 34TH STREET
NEW YORK, NY 10001

FOR: CLOTHING, NAMELY, SCARVES, TIES, GLOVES, BELTS, CAPS, HATS, SHOES, SLIPPERS, COATS, JACKETS AND SUSPENDERS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 4-0-2001; IN COMMERCE 4-0-2001.

SEC. 2(F).

SN 78-007,598, FILED 5-10-2000.

MARIA-VICTORIA SUAREZ, EXAMINING ATTOR-NEY

EXHIBIT 1

Int. Cl.: 24

Prior U.S. Cls.: 42 and 50

United States Patent and Trademark Office

Reg. No. 2,822,318
Registered Mar. 16, 2004

## TRADEMARK
### PRINCIPAL REGISTER



COACH SERVICES, INC. (MARYLAND COR-
PORATION)
516 WEST 34TH STREET
NEW YORK, NY 10001

FOR: FABRIC FOR USE IN THE MANUFAC-
TURE OF CLOTHING, SHOES, HANDBAGS AND
LUGGAGE, IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 8-2-2002; IN COMMERCE 8-2-2002.

OWNER OF U.S. REG. NOS. 2,592,963 AND
2,626,565.

THE MARK CONSISTS OF A REPEATING PAT-
TERN FEATURING A STYLIZED LETTER "C" IN
DIFFERENT ORIENTATIONS.

SEC. 2(F).

SER. NO. 76-441,558, FILED 8-14-2002.

SCOTT OSLICK, EXAMINING ATTORNEY





BARRETT SNEAKER $88.00
STYLE NO: Q322
COLOR: KHAKI/CHESTNUT

WWW.COACH.COM

EXHIBIT 2

Coach: Product Detail Print





PENELOPE SIGNATURE SWINGPACK $128.00
STYLE NO: 42190
COLOR: SILVER/KHAKI/MAHOGANY

WWW.COACH.COM

Coach: Product Detail Print





SIGNATURE DEMI POUCH $148.00
STYLE NO: 6094
COLOR: BRASS/KHAKI/CHESTNUT

WWW.COACH.COM





new PENELOPE SIGNATURE CHECKBOOK WALLET $238.00
STYLE NO: 42181
COLOR: SILVER/KHAKI/MAHOGANY

WWW.COACH.COM





21

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

### CV09- 6182 MMM (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [ ] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Attorneys for Plaintiff Coach Services, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH SERVICES, INC., a Maryland Corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>SUNNY SHOES CORP., a California Corporation dba "AI SHOES"; KUEN KUEN NG, an individual; DIANLIN WU, an individual; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-06182 MMM (JEMx)<br><br><br>SUMMONS |

TO:    DEFENDANT(S): Sunny Shoes Corp. dba "AI SHOES", et al.

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Brent H. Blakely and/or Cindy Chan___, whose address is 915 North Citrus Avenue, Hollywood, California 90038_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___AUG 25 2009___

By: _____
                    Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

I (a) PLAINTIFFS (Check box if you are representing yourself ☐)
Coach Services, Inc.

DEFENDANTS
Sunny Shoes Corp., dba A1 Shoes; Kuen Kuen Ng; Dianlin Wu

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038

Attorneys (If Known)

II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff　　☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant　　☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding　　☐ 2 Removed from State Court　　☐ 3 Remanded from Appellate Court　　☐ 4 Reinstated or Reopened　　☐ 5 Transferred from another district (specify):　　☐ 6 Multi-District Litigation　　☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No　　☒ MONEY DEMANDED IN COMPLAINT: $ 100,000 +

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1114 and 15 U.S.C. 1125 - Trademark Infringement under Lanham Act

VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:　Case Number:　　CV09-06182

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)　　　　　　　CIVIL COVER SHEET　　　　　　　Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Coach Services, Inc. - Maryland |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants - Los Angeles County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):    Date  8/24/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 2 of 2